Beth S. Rose, Esq.
Vincent Lodato, Esq.
SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, NJ 07102
Phone: (973) 643-7000
Facsimile: (973) 643-6500

*Attorneys for Defendant*
*Amazon.com, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **DANA M. CALIFANO by her subrogee STATE FARM FIRE & CASUALTY COMPANY,** | ) <br> ) **Civil Action No: _____** <br> ) <br> ) |
| **Plaintiff,** | ) <br> ) |
| v. | ) <br> ) |
| **AMAZON.COM, INC., JOHN DOES 1-10; ABC CORPS. 1-10,** | ) <br> ) <br> ) <br> ) |
| **Defendant(s).** | ) <br> ) |

**NOTICE OF REMOVAL**

Defendant Amazon.com, Inc. gives notice of the removal of this civil action from the New Jersey Superior Court, Law Division, Union County to the United States District Court for the District of New Jersey, Newark Vicinage pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Diversity jurisdiction exists because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.

**I.   INTRODUCTION**

This lawsuit involves claims that a Hikeren vacuum that Plaintiff's subrogor, Dana M. Califano, purchased from Amazon's website, was defective and caused a fire damaging Ms. Califano's home and personal property. *See* Compl., ¶¶ 3, 7 (Ex. A). As a result of the fire, Ms.

1

Califano filed an insurance claim with her homeowner's insurance company, Plaintiff State Farm Fire & Casualty Company. *Id.* at ¶ 1. State Farm allegedly paid Ms. Califano $144,213.66 on her homeowner's insurance claim. *See* Dec. 17, 2020 e-mail from Plaintiff's counsel (Ex. B). State Farm has brought a subrogation action against Amazon and unidentified John Doe defendants captioned *Dana M. Califano by her subrogee State Farm Fire & Casualty Company v. Amazon.com, Inc.*, in the New Jersey Superior Court, Law Division, Union County, Docket No. UNN-L-000054-21 ("State Court Action"). The Complaint asserts claims under the New Jersey Product Liability Act, as well as claims for breach of implied and express warranties.

## II.     THIS CASE IS REMOVABLE UNDER DIVERSITY JURISDICTION

This action is removable under 28 U.S.C. § 1441 because this Court would have had original jurisdiction under 28 U.S.C. § 1332 had Plaintiff filed this action initially in federal court. State Farm and Amazon are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A.     Complete diversity exists

A corporation is a citizen of its state of incorporation and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). State Farm is a corporation organized under the laws of the state of Illinois with its principal place of business in Bloomington, Illinois. Amazon is a corporation organized under the laws of the state of Delaware with its principal place of business in Seattle, Washington. Because Ms. Califano is State Farm's subrogor, and has subrogated all of her rights in this action to State Farm (Compl. ¶ 1), her citizenship is ignored for purposes of determining whether diversity exists. *Fid. & Guar. Ins. Underwriters, Inc. v. Omega Flex, Inc.*, 936 F. Supp. 2d 441, 444 & n.1 (D.N.J. 2013) (citizenship of subrogor not considered for purposes of diversity jurisdiction). In addition, State Farm's inclusion of John

Doe defendants in the Complaint does not destroy diversity jurisdiction, as there is no allegation that any of these fictitious entities are citizens of the same state as State Farm. *See Johnson v. Rite Aid*, 2011 U.S. Dist. LEXIS 69530, at *4 (D.N.J. Jun. 28, 2011) (purely fictitious defendants named in the Complaint should be disregarded for purposes of determining diversity jurisdiction). Because State Farm and Amazon are citizens of different states, complete diversity exists.

      **B.**      **The amount in controversy exceeds $75,000**

Under 28 U.S.C. 1446(c)(2)(B), removal is appropriate if the court finds by a preponderance of the evidence that the amount in controversy exceeds $75,000. This is a subrogation action in which State Farm is seeking to recover a fixed sum that was paid to Ms. Califano on her homeowner's insurance claim. State Farm's Complaint does not allege a specific dollar amount in damages. Prior to filing the State Court Action, however, State Farm's counsel represented to Amazon's counsel via e-mail that State Farm had paid $144,213.66 to Ms. Califano on her insurance claim. (Ex. B). This representation by State Farm's counsel regarding the amount of its subrogation claim is sufficient to establish the amount in controversy for purposes of removal. *See Rahwar v. Nootz*, 863 F. Supp. 191, 192 (D.N.J. 1994) (correspondence between the parties regarding the amount of alleged damages is sufficient to support removal). Because the preponderance of the evidence demonstrates that Plaintiff's alleged damages exceed $75,000, removal is appropriate.

      **III.**      **SERVICE OF COMPLAINT AND TIMELINESS OF REMOVAL**

Amazon was served with the Summons and Complaint on January 26, 2021, when Amazon's counsel executed and returned an Acknowledgement of Service to State Farm's counsel. *See* Acknowledgement of Service (Ex. C). This Notice of Removal is being filed

within 30 days of Amazon being served with the Summons and Complaint. Therefore, this Notice of Removal is timely under 28 U.S.C. § 1446(b).

## IV.     VENUE OF REMOVED ACTION

The United States District Court for the District of New Jersey, Newark Vicinage is the United States District Court and vicinage embracing the New Jersey Superior Court, Union County where this action was filed and is pending. Therefore, venue is proper in the United States District Court for the District of New Jersey, Newark Vicinage under 28 U.S.C. § 1441(a).

## V.     NOTICE TO THE STATE COURT

A copy of this Notice of Removal is being contemporaneously served on all parties and filed with the New Jersey Superior Court, Law Division, Union County, where this case was originally filed and is currently pending.

WHEREFORE, Defendant Amazon respectfully requests that this action be removed to the United States District Court for the District of New Jersey, Newark Vicinage and that no further proceedings be held in the New Jersey Superior Court, Law Division, Union County.

Dated: February 22, 2021

Respectfully submitted,

*s/ Beth S. Rose*
Beth S. Rose
Vincent Lodato
SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, NJ 07102
Telephone: (973)643-7000
Facsimile: (973)643-6500
brose@sillscummis.com
vlodato@sillscummis.com

*Attorneys for Defendant Amazon.com, Inc.*

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 22, 2021, I caused a copy of Amazon's Notice of Removal to be served via e-mail on the following counsel for Plaintiff:

Paul R. Duffy, Esq.
Kearns Duffy & Vaccaro, P.C.
3648 Valley Road, P.O. Box 56
Liberty Corner, NJ 07938

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false I am subject to punishment.

*s/ Beth S. Rose*
BETH S. ROSE

Dated: February 22, 2021

# EXHIBIT A

*Paul R. Duffy, Esq., ID #026141986*
**KEARNS DUFFY & VACCARO, P.C.**
*3648 Valley Road, P.O. Box 56*
*Liberty Corner, New Jersey 07938*
*(908) 647-7773*
*Attorneys for Plaintiff*
Our File No.: 11545D

| | |
|---|---|
| DANA M. CALIFANO by her subrogee STATE FARM FIRE & CASUALTY COMPANY,<br><br>Plaintiff(s),<br>v.<br><br>AMAZON.COM, INC.; JOHN DOES 1-10; and ABC CORPS. 1-10,<br><br>Defendant(s). | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: UNION COUNTY<br><br>DOCKET NO.:<br><br>*Civil Action*<br><br>**COMPLAINT & JURY DEMAND** |

Plaintiff, Dana M. Califano by her subrogee State Farm Fire & Casualty Company, with a place of business located at P.O. Box 106173, Atlanta, Georgia 30348, by way of complaint against the defendants, Amazon.com, Inc., with a principle place of business located at 1200 12th Avenue South, Suite 1200, Seattle, Washington 98144-2734; John Does 1-10; and ABC Corps. 1-10, says:

## FIRST COUNT

1. At all times relevant hereto, plaintiff, State Farm Fire & Casualty Company, (hereinafter "State Farm") did insure a home owned by Dana Califano located at 1519 Frank Street, in Scotch Plains (Union County), New Jersey 07076. State Farm did pay a claim for property damage caused and thereby has become subrogated to the rights of said Dana Califano.

2. At all times relevant herein, defendant, Amazon.com, Inc. (hereinafter "Amazon") was and is a corporation authorized to do business in the State of New Jersey who put their product in the stream of commerce in the State of New Jersey. Defendant, Amazon, held themselves out to

be a business competent in the sale of electrical products, such as the Hikeren vacuum at issue in this matter and/or its component parts.

3. The above-referenced Hikeren vacuum was purchased by plaintiff's insured on the defendant, Amazon's, website; she paid defendant, Amazon, via credit card; and the above-referenced Hikeren vacuum was delivered to her home in an Amazon box.

4. Attempts have been made to locate an address upon which to serve Hikeren in the United States, all of which have been unsuccessful.

5. At all times relevant herein, the defendants, John Does 1-10 and ABC Corps. 1-10, were and are unidentified owners, contractors and/or persons and companies involved in the design, manufacture, distribution, sale, installation and/or repair of above-refenced Hikeren vacuum and/or its component parts.

6. At all times relevant hereto, the defendants were under a duty to fully and properly control, inspect, maintain, repair and otherwise install its products in a safe manner, such as would reasonably provide for the protection and safety of persons who would be utilizing these products and more particularly, the plaintiff's insured herein, and reasonably provide for the preservation of personal property in and about said products.

7. On or about May 22, 2020, the above-referenced product located in the residence owned by plaintiff's insured malfunctioned, causing severe and significant property damage to plaintiff's insured's property.

8. As a direct and proximate result of the malfunction of the above-referenced product, the plaintiff's insured sustained severe and significant property damage to her home.

9. The defendant impliedly warranted that the above-referenced product was fit for its intended purpose, the purpose for which it was designed, that it was a safe and suitable appliance to be used by plaintiff's insured.

10. In purchasing and using the above-referenced product, plaintiff's insured relied on defendant's skill and judgment in the implied warranty of fitness for use.

11. The above-referenced product was, in fact, not fit for use for its intended purpose and as a result the defendant's breached their warranty of fitness for use, causing plaintiff's insured to sustain severe and significant property damage.

**WHEREFORE**, plaintiff demands judgment against the defendants for compensatory damages, together with interest, statutory attorney's fees and costs of suit.

## SECOND COUNT

1. Plaintiff repeats each and every allegation contained in the First Count as if fully set forth herein at length.

2. The above-referenced product was purchased from defendant, Amazon, and allegedly manufactured by Hikeren, a Chinese company without any assets or places for service of process in the United States.

3. Said product failed during re-charging after one month, causing a fire and extensive and severe property damage to plaintiff's insured's property.

**WHEREFORE**, plaintiff demands judgment against the defendants for compensatory damages, together with interest, statutory attorney's fees and costs of suit.

## THIRD COUNT

1. Plaintiff repeats each and every allegation contained in the First and Second Counts as if fully set forth herein at length.

2. Defendants expressly and/or impliedly warranted and represented to the plaintiff's insured and all foreseeable users that the above-referenced product was of merchantable quality and was safe and fit for ordinary purposes and uses.

3. Plaintiff's insured relied upon the defendants' express and/or implied warranties of merchantability and fitness for a particular purpose.

4. The warranties and representations by the defendants were false, misleading, inaccurate and otherwise untrue and the above-referenced product was not of merchantable quality and was in fact defective.

5. By reason of the foregoing, defendants breached their implied warranty of merchantability and fitness for a particular purpose and all other pertinent provisions of N.J.S.A. 2A:58c-1 et seq.

6. As a direct and proximate result of the aforementioned breach of warranties, plaintiff's insured was caused to sustain extensive property damage to her home.

**WHEREFORE**, plaintiff demands judgment against the defendants for compensatory damages, together with interest, statutory attorney's fees and costs of suit.

### FOURTH COUNT

1. Plaintiff repeats each and every allegation contained in the First, Second and Third Counts as if fully set forth herein at length.

2. At all times relevant hereto, defendants were in the business of manufacturing, designing, selling and/or otherwise operating a business that sold and placed into the stream of commerce the above-referenced product and/or its component parts.

3. At all times relevant hereto, defendants were under a duty to fully and properly control, inspect, maintain, repair and otherwise sell its products, with specific reference to the above-

referenced product and/or its component parts, in a safe manner, such as would reasonably provide for the protection and safety of persons that would be sold or would utilize these products and, more particularly, the plaintiff's insured.

4. As a direct and proximate result of the defective product referenced above and/or its component parts placed into the stream of commerce by the defendants, plaintiff's insured sustained serious property damage.

**WHEREFORE**, plaintiff demands judgment for compensatory and consequential damages against the defendants jointly, severally and in the alternative, together with interest, statutory attorney's fees, and costs of suit.

### FIFTH COUNT

1. Plaintiff repeats each and every allegation contained in the First, Second, Third and Fourth Counts as if fully set forth herein at length.

2. By reason of the defective, careless and negligent design, manufacture, repair, assembly, construction, distribution, installation and sale into the stream of commerce of this defective product referenced above and/or its component parts, defendants are liable in strict products liability to the plaintiff and pursuant to the provisions of N.J.S.A. 2A:58C-1 et seq.

3. The plaintiff's insured was within the ambit and class of foreseeable users of this product and/or its component parts.

4. As a direct and proximate result of the aforesaid negligence and carelessness of the defendants, plaintiff's insured was caused to sustain severe property damage.

**WHEREFORE**, plaintiff demands judgment for compensatory and consequential damages against the defendants jointly, severally and in the alternative, together with interest, statutory attorney's fees, and costs of suit.

## SIXTH COUNT

1. Plaintiff repeats each and every allegation contained in the First, Second, Third, Fourth and Fifth Counts as if fully set forth herein at length.

2. Defendants expressly and/or impliedly warranted and represented to the plaintiff's insured and all foreseeable users that the above-referenced product and/or its component parts were of merchantable quality and were safe and fit for its ordinary purposes and uses.

3. Plaintiff's insured relied upon the defendants expressed and/or implied warranties of merchantability and fitness for a particular purpose.

4. The warranties and representations by the defendants were false, misleading, inaccurate and otherwise untrue and the above-referenced product and/or its component parts were not of merchantable quality and were, in fact, defective.

5. By reason of the foregoing, defendants breached their implied warranty of merchantability and fitness for a particular purpose and all other pertinent provisions of N.J.S.A. 2A:58C-1 et seq.

6. As a direct and proximate result of the aforementioned breach of warranties, plaintiff's insured was caused to sustain severe property damage.

**WHEREFORE**, plaintiff demands judgment for compensatory and consequential damages against the defendants jointly, severally and in the alternative, together with interest, statutory attorney's fees, and costs of suit.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Paul R. Duffy, Esq., is hereby designated as trial counsel on behalf of plaintiff.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all issues so triable.

## NOTICE PURSUANT TO RULE 1:5-1(a) AND RULE 4:17-4(c)

Take notice that the undersigned attorney does hereby demand, pursuant to Rules 1:5-1(a) and 4:17-4(c), that each party herein serving pleadings and interrogatories and receiving answers thereto, serve copies of all such pleadings and answered interrogatories received from any other party, including documents, papers, deposition transcripts and other material referred to therein, upon the undersigned attorney. Take notice that this is a continuing demand.

## DEMAND FOR INTERROGATORY ANSWERS

Pursuant to Rule 4:17-1(b)(1), demand is hereby made for the defendants to answer Product Liability Interrogatories pursuant to the Court Rules.

## CERTIFICATION

Pursuant to R. 4:5-1, this is to certify that, to the best of our knowledge, this matter is not subject of any other action pending in any court or arbitration proceeding and none is contemplated and confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

KEARNS DUFFY & VACCARO, P.C.
Attorney for Plaintiff

Dated: January 6, 2021

By: _____
PAUL R. DUFFY, ESQ.

# Civil Case Information Statement

## Case Details: UNION | Civil Part Docket# L-000054-21

**Case Caption:** CALIFANO DANA VS AMAZON.COM, INC.
**Case Initiation Date:** 01/06/2021
**Attorney Name:** PAUL RHODES DUFFY
**Firm Name:** KEARNS DUFFY & VACCARO, PC
**Address:** 3648 VALLEY RD PO BOX 56
LIBERTY CORNER NJ 07938
**Phone:** 9086477773
**Name of Party:** PLAINTIFF : Califano, Dana, M
**Name of Defendant's Primary Insurance Company (if known):** None

**Case Type:** PRODUCT LIABILITY
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Dana M Califano?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO
**If yes, is that relationship:**
**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
  **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
  **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

01/06/2021                                                                                       /s/ PAUL RHODES DUFFY
Dated                                                                                            Signed

# EXHIBIT B



**From:** Paul Duffy
**Sent:** Thursday, December 17, 2020 3:15 PM
**To:** 'Murphy, Brendan (Perkins Coie)' <BMurphy@perkinscoie.com>
**Cc:** Sue Gerecht <sg@kdvlawyers.com>
**Subject:** RE: Califano v Amazon, et al

Brendan,
 I was apparently looking at the wrong Statement of Loss.  The full claim is $144,213.66

 I have never received a response from Fenni—I think they are out of business.  Hikeren is not a US company and has not responded to my requests for coverage.  Do you have any information pursuant to NJSA 2A:58C-9 of assets or insurance to present this claim too?

 Thank you and have a great holiday!

1

# EXHIBIT C

*Paul R. Duffy, Esq., ID #026141986*
**KEARNS DUFFY & VACCARO, P.C.**
*3648 Valley Road, P.O. Box 56*
*Liberty Corner, New Jersey 07938*
*(908) 647-7773*
*Attorneys for Plaintiff*
Our File No.: 11545D

| | |
|---|---|
| DANA M. CALIFANO by her subrogee STATE FARM FIRE & CASUALTY COMPANY,<br><br>    Plaintiff(s),<br>v.<br><br>AMAZON.COM, INC.; JOHN DOES 1-10; and ABC CORPS. 1-10,<br><br>    Defendant(s). | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: UNION COUNTY<br><br>DOCKET NO.: UNN-L-000054-21<br><br>*Civil Action*<br><br>**ACKNOWLEDGMENT OF SERVICE** |

Service of the within Summons and Complaint is hereby acknowledged this __26th__ day of January, 2021 on behalf of defendant, Amazon.com, Inc.

PERKINS COIE, LLP

BY: _Brendan Murphy_
BRENDAN MURPHY, ESQ.
Attorney for Defendant, Amazon.com, Inc.